LAND, J.
Plaintiff sued for $15,000 damages for slander, in this: That the defendant in a conversation with Sidney Mouton and L. E. Lacour did falsely and maliciously state to them as follows:
“The Vordenbaumen Lumber Company has gone into bankruptcy. I have got it pretty straight.”
The defendant for answer denied the use of the words alleged in the petition, and averred that a short time before the conversation referred to in the petition he had been informed in the city of New Orleans that the Vordenbaumen-Eastham Company of Shreveport, La., was about to go into the hands of a receiver; that said information was true as shown by a resolution of the board of directors of said Corporation of date September 2, 1910; that in the conversation he had with Lacour and Mouton on the occasion referred to in the petition he *1081 stated that the Vordenbaumen & Co., meaning the corporation at Shreveport, had gone into bankruptcy; that either Laeour or Mouton asked the defendant:
“Do you think that will affect the Vordenbaumen Company here?”
And defendant replied:
“I certainly think it will.”
There was judgment for the defendant, and the plaintiff has appealed.
The burden was on the plaintiff to prove the slanderous words as alleged. Mr. Mouton testified as follows:
“It was on the 17th day of September, right there at the comer of the store, I met Mr. Charley Parkerson and Mr. L. E. Laeour, speaking. When I reached there, I have made the question to Mr. Charley Parkerson if he knew if the Vordenbaumen Lumber Company would be in the corn market. He answered: ‘By the way, I heard that these people had gone into bankruptcy.’ I said: ‘Charley, does this include the Vordenbaumen Lumber Company of which Hopkins is manager?’ ‘Undoubtedly,’ he says, ‘the whole thing.’ I said, ‘Charley, where did you get this?’ ‘I’ve got it pretty straight.’ ”
Mr. Mouton, being requested to repeat the exact words used, replied:
“I hear that the company had gone into bankruptcy.”
It is evident that this witness did not remember the exact words used, and that the language that was used did not necessarily embrace the Vordenbaumen Lumber Company, as shown by the question of the witness:
“Charley does this include the Vordenbaumen Lumber Company,” etc.
Mr. Laeour testified:
“Mr. Mouton asked him the question if the Vordenbaumen Lumber Company would buy corn, and he told Mr. Mouton: ‘By the way, have you heard that Vordenbaumen had gone into bankruptcy?’ and Mr. Mouton asked him if it would affect the Vordenbaumen Lumber Company of this town. He said, ‘Undoubtedly, the whole concern,’ and then Mr. Mouton asked where he had gotten it. He said: T got it pretty straight.’ That was all that was said, and we all separated.”
Defendant in his testimony, after stating the conversation up to a certain point, continued as follows:
“Then it was I said that I had just returned from New Orleans on the No. 9, which reaches here about 5 o’clock, and that I had heard down there that Vordenbaumen & Co. of Shreveport had gone into bankruptcy. Sidney Mouton asked me if I thought that would affect the Vordenbaumen Company of this place. I told him I thought so. Laeour and I talked a little while longer about the shortness of the cotton crop, and I went on down to the theater.”
. As a matter of fact, proceedings had commenced early in September in the district court of Caddo parish to place the Vordenbaumen-Eastham Company of Shreveport in the hands of a receiver. The board of directors, by resolution of date September 7, 1910, consented to the appointment of a receiver.
It is evident we think from the testimony of Mouton and Laeour that they did not understand from the language used by the defendant at the time that he intended to convey the idea that the Vordenbaumen Lumber Company of Lafayette had gone into bankruptcy. The version of the conversation given by the defendant is a reasonable one under all the surrounding facts and circumstances of the case. Defendant spoke to two business men on the same day about the bankruptcy of the Vordenbaumen Company at Shreveport. The plaintiff has failed to prove that the defendant uttered the slanderous words charged in the petition. As a general rule, a failure on the part of the plaintiff to prove the words strictly as alleged in the petition constitutes a variance, and apart from a statute to the contrary, is fatal to his cause of action. 25 Cyc. 484.
Our learned Brother below in his reasons for judgment says:
“Viewing all the evidence and all the surrounding facts in connection with this case, the court is of the opinion that the plaintiff has not made out a case of slander.”
His subsequent remarks on the law as to malice, does not affect his conclusion that, “under the law and the evidence, judgment must be rendered in favor of the defendant.”
Judgment affirmed.